UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DWAYNE MOSS,

                    Plaintiff,

v.

J. ADERHOLD, et al.,

                    Defendants.

_____

DECISION & ORDER and
REPORT & RECOMMENDATION

08-CV-6545L

       Plaintiff Dwayne Moss ("Moss") has filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights under the Eighth Amendment by assaulting him on January 8, 2006 while he was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). (Docket # 4). Currently pending before the Court are motions by Moss to amend his complaint and to compel discovery responses from defendants. (Docket ## 34, 46, 59). For the reasons stated below, I recommend that the district court deny Moss's motion to amend his complaint. Further, Moss's motions to compel are granted in part and denied in part.

**REPORT & RECOMMENDATION**

**I. Motion to Amend (Docket # 34)**

      **A. Factual Background**

      Moss filed this action on December 3, 2008. (Docket # 1). Four months later, he filed an amended complaint in which he alleges that certain corrections officers at Southport

1

Correctional Facility ("Southport") assaulted him on January 8, 2006 and forcefully confiscated a religious medal from him, resulting in knee pain and abrasions. (Docket # 4 at ¶¶ 4, 19-20). Moss also contends that he was denied due process in connection with a disciplinary hearing concerning the incident. (*Id*. at ¶¶ 10-17).

At the initial scheduling conference, this Court set March 8, 2010 as the deadline for motions to amend the pleadings or join parties. (Docket # 14). Moss filed the instant motion to amend ten days after that deadline, on March 18, 2010. (Docket # 34).

In the pending motion, Moss seeks to amend his complaint to add a claim for medical indifference against a new defendant, Mark DeLauro ("DeLauro"), a nurse employed at Southport. (*Id*.). Specifically, Moss contends that DeLauro refused to treat his knee injury following the January 8, 2006 assault. (*Id*. at ¶ 4).

Moss seeks to explain the delay in asserting this claim by noting that he was "mentally disturbed" following the assault and erroneously believed that he had refused medical treatment for his knee injury. (Docket # 49 at ¶ 5). His belief purportedly derived from his review of DOCS's medical records signed by DeLauro indicating that Moss had refused treatment for that injury. (Docket ## 49 at ¶ 5; 23 at Bates 74, 104). According to Moss, he had credited the accuracy of these reports and had surmised that "maybe my mental condition [following the assault] caused me to refuse [medical treatment]." (Docket # 49 at ¶ 5). It was not until he "thoroughly review[ed]" a videotape of the incident that he discovered he had not refused medical treatment and indeed had explicitly disclaimed to the Southport staff that he was refusing treatment. (*Id*.).

2

The record does not demonstrate when Moss first viewed the videotape. Moss admits, however, that he purchased the videotape from DOCS in February 2006 and that it was held in his personal property at Clinton Correctional Facility. (Docket # 27 at ¶ 7). Whether he was permitted to view it while incarcerated and, if so, whether he did, is unclear. Counsel for defendants has filed a declaration affirming that he mailed a copy of the videotape to Moss on February 18, 2010, accompanied by a letter requesting the facility to "make an accommodation" for Moss to watch the videotape. (Docket # 39 at ¶ 2 and Ex. A).

Defendants oppose Moss's motion to amend on the grounds that it is futile because the proposed claim is barred by the statute of limitations. (Docket # 44 at ¶¶ 10-17).[1]

### B. Discussion

Because Section 1983 does not provide a statute of limitations, the court must "borrow" the limitations period from the most appropriate or analogous state statute. *Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). Using this borrowing approach, the applicable statute of limitations for Section 1983 actions is three years – the limitations period provided under New York law for unspecified injury actions. *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case). A Section 1983 action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), *cert. denied*, 538 U.S. 922 (2003). *See also Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980) (claim accrues "when the plaintiff becomes aware

---

[1] I reject defendants' alternative arguments that Moss unduly delayed in filing the motion and that the amendment would result in unfair prejudice. (*See* Docket # 44 at ¶¶ 6-9).

that he [or she] is suffering from a wrong for which damages may be recovered in a civil action"), *cert. denied*, 450 U.S. 920 (1981).

In the case at bar, Moss's claim of excessive force arises from an alleged assault that occurred on January 8, 2006. The alleged denial of medical treatment occurred on that same day, although Moss contends that until he viewed a videotape of the assault he mistakenly believed he had refused medical treatment following the assault. Thus, in order to determine the date on which Moss's medical indifference claim accrued, I must determine when he knew or had reason to know of "the injury which is the basis of his action."[2] *See id*.

Defendants argue that Moss's claim accrued on January 8, 2006, the date that DeLauro allegedly denied Moss medical treatment following the assault. Moss contends that the claim did not accrue until he "thoroughly reviewed" the videotape revealing that he had not refused medical treatment for his knee, as the medical records signed by DeLauro had inaccurately reported. The deficiency in Moss's argument is that he has had the videotape in his possession since February 2006 (one month after the alleged assault) and has not demonstrated or even asserted that he did not review it until March 2007[3] or later, or, more importantly, that he was somehow prevented or precluded from doing so.

On this record, Moss has not established that his claim against DeLauro accrued no earlier than March 2007; indeed, if it did not accrue on the date of the assault, it appears to have accrued no later than February 2006 when he first obtained the videotape revealing that he

---

[2] Generally, an inmate would be expected to know that he had not received medical treatment at the time that the medical treatment was refused or withheld. Here, Moss has alleged that he was "mentally disturbed" at the time of the assault, although he has not claimed that he was unconscious or suffered a traumatic injury.

[3] March 18, 2007 is three years prior to the date on which he filed the instant motion to amend.

had not refused medical treatment.[4] His pending motion to amend was not filed until March 18, 2010, making the claim untimely unless Moss can demonstrate that the relation back doctrine applies.

The relation back doctrine allows claims that are otherwise untimely to relate back to the claims in the original complaint. *See* Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). A plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[4] Because I find that Moss has not established as a factual matter that he did not, and could not have viewed, the videotape until after March 2007, I do not reach the legal question whether – if those facts were established – his complaint would be timely under the accrual doctrine.

Fed. R. Civ. P. 15(c)(1). *See* 3 *Moore's Federal Practice*, § 15.19[3][a] (3d ed. 1999) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitations has run"). Rule 4(m) provides that the complaint must be served within 120 days of the date of filing. Fed. R. Civ. P. 4(m).

Here, Moss's proposed new claim arises from the same transaction or occurrence alleged in the initial complaint – the January 8, 2006 assault. Specifically, his claim of deliberate indifference to serious medical needs arises from DeLauro's alleged refusal to treat Moss's injured knee immediately after the assault.

Moss cannot meet the second requirement under Rule 15(c)(1)(C), however, because he has not demonstrated that DeLauro was on notice of his claim within 120 days of the filing of his complaint. Nor can Moss establish constructive notice because he cannot show that the New York State Attorney General knew "or should have known" that DeLauro would be added to the case. *Peralta v. Donnelly*, 2009 WL 2160776, *5 (W.D.N.Y. 2009) ("under the constructive notice doctrine, [t]he court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the official(s) originally sued so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit") (internal quotation omitted). *See also Allah v. Keefe*, 2009 WL 995465, *4 (W.D.N.Y. 2009) (New York State Attorney General "knew or should have known" that the newly-named defendant was a possible defendant to plaintiff's claim because documents referenced in plaintiff's complaint listed the new defendant as the DOCS employee who authorized the challenged conduct). Here, Moss has made no showing that the Attorney General knew or should have known that Moss also had a claim against DeLauro.

Nor can Moss meet the third prong of the relation back doctrine – that "but for a mistake concerning identity," Moss would have named DeLauro as a defendant. *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994). Indeed, Moss does not claim that he was mistaken about DeLauro's identity; rather, he contends that he was mistaken about *his own actions* and thus did not initially name DeLauro. *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 596 (S.D.N.Y. 2009) ("failure to include [defendants] in the initial pleading cannot constitute a mistake for the purposes of Rule 15(c)").

For the reasons stated above, I recommend that the district court deny Moss's motion to amend his complaint.

### DECISION & ORDER

I turn now to Moss's motions to compel. The first seeks an order compelling defendants to respond to his interrogatories and requests for production. (Docket # 46). The second challenges the adequacy of various interrogatory responses by defendants Corcoran, Doud and Harris. (Docket # 59). For the reasons discussed below, each is granted in part and denied in part.

**I. First Motion to Compel (Docket # 46)**

Here, Moss seeks to compel defendants Harris, Granger, Knapp, Bennett, Doud, Hanrahan, Augustine and Aderhold to respond to his first set of interrogatories and document requests. (Docket # 46). A review of the record reveals that those defendants, other than Bennett, have now responded to the interrogatories. (Docket ## 53, 54, 56, 68-72). Accordingly,

7

Moss's motion to compel a response from Bennett is granted. Bennett shall respond to Moss's interrogatories by no later than thirty days from the date of this Order. The motion to compel responses from the other defendants is denied as moot.

As for Moss's document requests, he does not identify the documents he seeks to compel defendants to produce other than the Tier III hearing record. (Docket # 46 at ¶ 4). In response to the motion, defendants attached a copy of the disciplinary hearing packet for January 8, 2006, and represented that the hearing transcript was being prepared and would be mailed to Moss. (Docket # 55 at ¶ 3). Further, defendants represented that the requested grievances and log book entries from 2005 and 2006 have been destroyed in accordance with DOCS Directive 2011, "which mandates that records be maintained for three years and then destroyed." (*Id*. at ¶ 6). According to defendants, they "have produced all copies . . . of grievances, videotape[s], photos, unusual incident report[s], use of force report[s], etc." relating to the January 8, 2006 incident. (*Id*. at ¶ 7).

Moss maintains that defense counsel should have provided a copy of DOCS Directive 2011. (Docket # 60 at ¶ 6). I agree, and defendants are hereby directed to do so by no later than thirty days from the date of this Order. Because defendants Harris, Granger, Knapp, Doud, Hanrahan, Augustine and Aderhold appear to have responded to Moss's document requests after the motion to compel was filed (*see* Docket ## 53, 54, 56, 68-72), Moss's motion to compel their responses is denied. Because Bennett does not appear to have responded, he is directed to do so by no later than thirty days from the date of this Order.

**II. Second Motion to Compel (Docket # 59)**

In his second motion to compel, Moss challenges the adequacy of the interrogatory responses served by Corcoran, Harris and Doud. (Docket # 59). Despite the issuance of a motion scheduling order, defendants have not responded to this motion. (Docket # 62).

**A. Corcoran**

Moss challenges all of defendant Corcoran's interrogatory responses with the exception of Interrogatory No. 4. (Docket # 59). Upon review, I find the challenged responses are generally adequate, although his responses to Interrogatories Nos. 1 and 2 require supplementation. Specifically, the first interrogatory asks Corcoran to "state" his job duties between January 17 and 26, 2006, and requests Corcoran to produce any written job description. (Docket # 56). Corcoran has merely responded, "Education Supervisor - Intermittent Acting ADSP." (*Id*.). Corcoran has not identified or described his job duties (rather than his title) during the specified period and has not provided a written job description or, alternatively, affirmed that one does not exist. Corcoran is directed to supplement his response in these respects by no later than thirty days from the date of this Order.

Moss's second interrogatory asks, "[h]ow many Tier Hearings have you conducted throughout your career with DOCS," and Corcoran has simply responded, "I do not recall." (*Id*.). As Moss correctly notes, Corcoran is required to consult relevant and available resources to attempt to respond to this interrogatory. *Skelton & Co. v. Goldsmith*, 49 F.R.D. 128, 130 (S.D.N.Y. 1969) (in answering interrogatories, a party must "furnish relevant information from whatever sources are available to it"). Because it is unclear whether Corcoran has done so,

he must supplement his response to provide an answer, if one may reasonably be obtained, or indicate that he is unable to do so even after consulting available resources. He must provide such supplemental response by no later than thirty days from the date of this Order.

### B. Harris

Moss contends that Harris did not adequately respond to Interrogatories Nos. 1, 4, 5, 7, 8 and 10. (Docket # 59). Upon review of Harris's responses, I find that all except his response to No. 4 require supplementation. Specifically, Harris must supplement his answer to Interrogatory No. 1 asking about his job duties and requesting a written job description as outlined in the preceding section. (*See* Docket # 54). He must supplement his answer to No. 5 to answer how many times he remembers Moss being ordered to remove his chain, instead of simply answering that he himself did not give Moss such an order. (*Id.*). Harris must also supplement his answer to No. 7 to disclose why he did not order Moss to surrender his chain while he was in his cell. (*Id.*). Finally, his answers to Nos. 8 and 10 must be supplemented to disclose the identities, if known to Harris, of the individual who ordered DOCS employees to remove Moss's chain and the individual who authorized the use of physical force to remove the chain. (*Id.*). These supplemental responses shall also be provided within thirty days.

### C. Doud

Finally, Moss contends that Doud's responses to Interrogatories Nos. 7, 8, 10, 11 and 12 are inadequate. (Docket # 59). Interrogatories Nos. 8 and 11 are very similar to Interrogatories Nos. 8 and 10 served on Harris and must be supplemented by Doud for the same reasons explained above. In addition, I agree that Doud's responses to Interrogatories Nos. 10 and 12 are not responsive. Specifically, No. 10 asks what kind of physical harm Doud believed

Moss could have caused the officers once he was handcuffed and in leg shackles. (Docket # 53). Although Doud's response explains why Moss was taken to the ground, it does not answer the question Moss asked. For this reason, Doud must supplement his answer; if he did not believe that Moss presented a risk of danger to the officers, he should so state. Finally, Interrogatory No. 12 asks whether Doud was ordered or urged to conform his written reports about the incident to written reports prepared by other DOCS employees. (*Id*.). Doud's answer that the "documentation [was] written as the incident happened on January 8, 2006" does not answer the question posed. Accordingly, Doud shall supplement his response to Interrogatory No. 12 as well.

I find that Doud's responses to Interrogatories Nos. 7 and 11 are adequate.

## CONCLUSION

For the reasons stated above, I recommend that the district court deny plaintiff's motion to amend his complaint (Docket # 34). In addition, Moss's motions to compel **(Docket ## 46, 59)** are **GRANTED in PART** and **DENIED in PART**. Defendants are directed to provide the additional discovery and supplemental responses by no later than thirty days from the date of this Order.

**IT IS SO ORDERED.**

                                                                *s/Marian W. Payson*
                                                              MARIAN W. PAYSON
                                                      United States Magistrate Judge

Dated: Rochester, New York
       March   25  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
    March   25  , 2011